No. 29

DET. TOL. & IRON. RD. CO. v. RASHLEY

Ohio Appeals, 6th Dist., Fulton Co.

No. 83. Decided Nov. 8, 1926

225. **CHARGE TO JURY—Reversible error in court's charge where it fails to recognize the principle that the duty of a railroad company to exercise ordinary care to stop the train might arise before a truck, with which it. collided, actually got upon the track; and would in fact arise when it was discovered that the truck was about to go upon the track in a place of danger.**

WILLIAMS, J.

Vernon Rashley brought an action against the Detroit, Toledo & Ironton Railroad Co. in the Fulton Common Pleas to recover for damages to a truck and milk cans growing out of the collision between the truck and a locomotive of the Company. The jury returned a verdict in favor of Rashley for $300 and after judgment thereon, error was prosecuted.

Rashley was driving on a certain street in Wauseon, Ohio, which street intersected the tracks of the Company at right angles. The locomotive customarily stopped at this street. A depot obstructed the view to the north along the tracks as one approaches from the east, the direction from which Rashley proceeded. The Court of Appeals held:

1. It seems that Rashley was past the depot when he saw the locomotive; that when he applied his brakes he was about 15 feet from the tracks and was going at a speed of 5 or 6 miles an hour; that the wheels slid on the icy pavement as the brakes were applied and the truck came to within a foot of the track; then seeing that the cab would probably be struck, he put on the power and the locomo-

tive struck the truck just behind the cab; that if the fireman had been keeping a lookout, he could have observed the danger when the truck wheels started to skid so that the train could have been stopped; and that the whistle was not sounded nor the bell rung.

2. In view of proof of this kind, the trial court did not commit error in overruling a motion to direct a verdict, as claimed by the Company.

3. The evidence is conflicting, especially in regards to the fireman looking back and not ahead; and all these issues were for the determination of the jury.

4. Part of the court's charge is subject to criticism in that it fails to recognize the principle that the duty of the railroad company to exercise ordinary care to stop the train might arise before the truck actually got upon the track; and would in fact arise when the company discovered or should have discovered by exercise of ordinary care, that the truck was about to go upon the track and in a place of danger.

5. Further criticism may be made in that part of the charge indicates to the jury that if, in the exercise of ordinary care, the defendant did not see the truck upon the track or did not see it there soon enough to check the speed of the train, that the defendant could not be guilty of negligence in any particular.

6. The verdict is manifestly against the weight of the evidence and the court erred in refusing the Company's motion for a new trial.

Judgment reversed.

(Richards & Young, JJ., concur.)

Attorneys—F. S. & J. M. Ham, O. Z. Ide and E. J. Matz for Company; Ward & Johnson for Rashley; all of Wauseon.